UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SHAWN WAYNE HILL, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 2:23-cv-00061 |
| JACOB LAW, | ) ) ) |
| Respondent. | ) ) |

## ORDER

While incarcerated in the Macon County Jail, Shawn Wayne Hill filed this habeas corpus action and paid the filing fee. He claimed that he was being unlawfully detained in Macon County, Tennessee on a warrant for charges out of Georgia, for which he had twice before been arrested only to have Georgia refuse to extradite him. (Doc. No. 1 at 1–2, 6). He further claimed that the time for lawful extradition on those Georgia charges has expired. (Id.). As relief, Petitioner asked the Court to order his immediate release from custody and to "bar[] any future prosecution pertaining to this extradition." (Id. at 7).

By Order entered November 21, 2023 (Doc. No. 4), the Court directed Respondent to respond to the Petition. A copy of the Order was mailed to Petitioner at his address of record, but that mail was returned on December 5 with the notation "no longer @ this address." (Doc. No. 6).

On December 13, Respondent filed a Motion to Dismiss the Petition and to be Excused from Filing Entire State Court Record (Doc. No. 7), with a supporting Memorandum of Law. (Doc. No. 8). Respondent has provided documentation that Petitioner was released from the Macon County Jail on October 13, 2023 (Doc. No. 8-2) and argues that the Petition was rendered moot on that date. In any event, Respondent argues that the case should be dismissed for failure to

prosecute in light of Petitioner's failure to give notice of his change of address. (Id.). Respondent attaches as an exhibit to the Motion his own piece of mail addressed to Petitioner at the Macon County Jail, which was mailed in November and returned in December bearing the notation "no longer here." (Doc. No. 8-3).

At least insofar as the Petition requested release from custody, the Court would agree that it was mooted by Petitioner's apparent release from the Macon County Jail in October. Even if there are aspects of the Petition that were not rendered moot by Petitioner's release, the case is also subject to dismissal under this Court's Local Rules, for Petitioner's failure to keep a current address on file. Under Local Rule 41.01, pro se litigants have an affirmative obligation to keep the court and opposing parties apprised of a "current address and [any] other contact information." M.D. Tenn. L.R. 41.01(b). Failure to provide timely notice "of any change in address may result in dismissal of the action with or without prejudice." Id.; see also Kosher v. Butler Cnty. Jail, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (citing Buck v. U.S. Dep't of Agric., Farmers Home Admin., 960 F.2d 603, 608–09 (6th Cir. 1992)). As demonstrated by the return of mail sent to the Macon County Jail by both the Court and Respondent, Petitioner can no longer be reached at his address of record.

Accordingly, Respondent's Motion to Dismiss the Petition and to be Excused from Filing Entire State Court Record (Doc. No. 7) is **GRANTED** based on Petitioner's failure to keep the Court apprised of his current address. Pursuant to Local Rule 41.01(b) and the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute," Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013), this action is **DISMISSED WITHOUT PREJUDICE**.

2

Case 2:23-cv-00061    Document 9    Filed 12/19/23    Page 2 of 3 PageID #: 83

Because the correctness of this purely procedural disposition is not debatable, no certificate of appealability shall issue under 28 U.S.C. § 2253(c). See Slack v. McDaniel, 529 U.S. 473, 478, 485 (2000).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE